Evans J.,
delivered the opinion of the Court.
By the common law, if the condition of the bond was not performed ad diem, the penalty was forfeited, and the obligor had no remedy but in Equity. To remove the necessity of going into the Court of Equity, the Stat. 4 Ann. C. 16, sec. 12, provides, “that if the obligor shall before action brought, have paid to the obligee the principal and interest due by the defea-sance or condition of such bond, though such payment was not strictly according to the condition or defeasance, yet it shall and may nevertheless be pleaded in bar of such action, and *32 shall be as effectual a bar thereof as if the money had been paid at the day and place, and so pleaded.” If the instalments due had been paid at the day, no action could have been sustained for the penalty by the common law. If the payment had been made after the day, but before action brought, this would have saved the penalty by the provisions of this statute, as the object of the statute seems to have been to put a payment posl diem on the same footing as a payment ad diem. In the case under consideration, the payment of the instalments was not made until after action brought, and the case is not therefore within the letter of the statute. The 13th sec. of the same Act, provides, that if pending the suit the obligor shall bring into Court the principal sum due by the condition, with interest and costs, that shall be taken as a full discharge of the bond. This, with the 12th sec. above recited, shew a very clear intention in the Legislature, that the penalty shall be saved if the obligor has paid all that the obligee has any right to demand. The statute is remedial. The evil it was intended to provide for is obvious, and it must receive such construction as will advance the remedy and correct the evil. In such case we are not to give it a narrow and literal interpretation, but such as carries into effect its object and design, as clearly indicated by these clauses.
In most, if not all these cases, any matter of defence which arises after action brought, will avail the defendant when properly pleaded, as effectually as if it existed when the suit was commenced; but as the plaintiff had a good cause of action, when he commenced it, which has been defeated by something occurring afterwards, the defendant must pay all the costs which accrued up to that time. This has been done in this case, and it seems to me the plea of payment, puis darrvn continuance> is an effectual bar to the plaintiffs action, unless we adopt the senseless rule of adhering strictly to the letter of a remedial Act, in utter disregard to its spirit, end and design. It was supposed in the argument, that if the plea be allowed, the plaintiff cannot sue again on the bond, when there is another default by the non-payment of the instalments hereafter to become due. I do not perceive that any such consequence will follow. The 12th sec. provides only that the payment shall be in bar of the *33 action. It is not like the 13th sec., which declares that the payment of the principal sum, interest and costs, into Court, shall be a full satisfaction of the bond.
The motion is dismissed.
Richardson, J., O’Neall, J., Wardlaw, J., and Frost, J., concurred.